## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PRS INSURANCE GROUP, INC., *et al.*, | ) Case No. 00-4070 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

| | |
|---|---|
| SEAN LOGAN, IN HIS CAPACITY AS | ) |
| CHAPTER 11 TRUSTEE OF | ) |
| PRS INSURANCE GROUP, INC., | ) |
| PRS CAPTIVE INVESTMENT FUND, | ) |
| PRS MANAGEMENT GROUP, INC., | ) |
| PRS SURETY BOND AGENCY, INC., | ) |
| PRS ENTERPRISES, INC., | ) |
| PRS ENTERPRISES INSURANCE SERVICES, INC., | ) |
| PRS BENEFITS SERVICES, INC., | ) |
| PRS MANAGEMENT SERVICES, INC., | ) |
| ENTERPRISE GROUP INSURANCE CO, LTD., | ) |
| PRS INSURANCE HOLDINGS (BARBADOS), LTD., | ) |
| PRS GUARANTY INSURANCE LIMITED, and | ) |
| BROOKWELL INSURANCE CO., LTD. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adversary Proceeding |
| | ) No. 05-50819 |
| CREDIT GENERAL INSURANCE COMPANY | ) |
| And | ) |
| CREDIT GENERAL INDEMNITY COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) **Ref. Docket No. 25** |

## MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE
## TO APPEAL ORDER DENYING DEFENDANTS' MOTION TO DISMISS

YOUNG CONAWAY STARGATT & TAYLOR, LLP        BINGHAM McCUTCHEN LLP
Maureen D. Luke (No. 3062)                  Harold S. Horwich
Edward J. Kosmowski (No. 3849)              Stephen M. Hryniewicz
The Brandywine Building, 17th Floor         One State Street
1000 West Street, PO Box 391                Hartford, Connecticut 06103
Wilmington, Delaware 19899-0391

## TABLE OF AUTHORITIES

**Page**

Cases

Bachowski v. Usery,
    545 F.2d 363 (3d Cir. 1976)......................................................................................8

Bowie Produce Co., Inc. v. Magic American Café, Inc.
    (In re Magic Restaurants, Inc.),
    202 B.R. 24 (D. Del. 1996)...............................................................................passim

Buford v. Sun Oil,
    319 U.S. 315 (1943).............................................................................................6

Canal Corp. v. Finnman
    (In re Johnson),
    960 F.2d 396 (4th Cir. 1992) ...............................................................................11

Coopers & Lybrand v. Livesay,
    437 U.S. 463 (1978)............................................................................................8

D. M. Barber, Inc. v. Valverde
    (In re D.M. Barber, Inc.),
    13 B.R. 962 (Bankr. N.D. Tex. 1981)...................................................................11

Dal-Tile Intl, Inc. v. Color Tile, Inc.,
    203 B.R. 554 (D. Del. 1996)...............................................................................7

Dollar Saver Stores, Inc. v. Brown,
    49 B.R. 510 (Bankr. D. Nev. 1985) ......................................................................10

First American Bank of New York v. Century Glove, Inc.,
    64 B.R. 958 (D. Del. 1986).................................................................................7

First American Bank of New  York v. Southwest Gloves and Safety Equip., Inc.,
    64 B.R. 963 (D. Del. 1986).................................................................................7

Granfinanciera, S.A. v. Nordberg,
    492 U.S. 33 (1989).............................................................................................10

Gross v. Weingarten,
    217 F.3d 208 (4th Cir. 2000) .........................................................................11, 12

In re: A.S.K. Plastics, Inc.,
    No. Civ. A. 04-2701, 2004 WL 1903322 (E.D. Pa. Aug. 24, 2004)......................8

In re Comstock Financial Svcs.,
    111 B.R. 849 (Bankr. C.D. Cal. 1990)` ...............................................................11

In re D. M. Barber, Inc.,
    13 B.R. 962 (Bankr. N.D. Tex. 1981)...................................................................12

i

# TABLE OF AUTHORITIES

**Page**

*In re Delaware and Hudson Railway Company,*
    96 B.R. 469 (D. Del. 1989) ............................................................................7

*In re Magic Marker Secs. Litigation,*
    472 F. Supp. 436 (E.D. Pa. 1979) ..................................................................9

*In re Marvel Entertainment,*
    209 B.R. 832 (D. Del. 1997) ..........................................................................8

*In re Mirant Corp.,*
    316 B.R. 234 (Bankr. N.D. Tex. 2004) ........................................................11

*In re PCH Assoc.,*
    122 B.R. 181 (Bankr. S.D.N.Y. 1990) .........................................................11

*In re United States Lines,*
    199 B.R. 476 (Bankr. S.D.N.Y. 1996) .........................................................11

*In re White Beauty View, Inc.,*
    841 F.2d 524 (3d Cir. 1988) ...........................................................................8

*Koken v. Cologne Re (Barbados),*
    34 F. Supp. 2d 240 (M.D. Pa. 1999) ............................................................12

*Langenkamp v. Culp,*
    498 U.S. 42 (1990) ........................................................................................10

*Logan v. Credit Gen. Ins. Co.*
    *(In re PRS Ins. Group, Inc.),*
    294 B.R. 609 (Bankr. D. Del. 2003) ..............................................................5

*Logan v. Credit General Ins. Co.,*
    No. 04-319-SLR (D. Del. March 31, 2005) .............................................5, 9, 10

*Massachusetts Air Conditioning & Heating Corp. v. United States*
    *(In re Massachusetts Air Conditioning & Heating Corp.),*
    No. 93-11850, 1994 Bankr. LEXIS 1560 (Bankr. D. Mass. Sept. 23, 1994) .........10

*Milbert v. Bison Laboratories,*
    260 F.2d 431 (3d Cir. 1958) ...........................................................................8

*Official Comm. Of Unsecured Creditors of 360networks (USA) Inc. v.*
    *Pub. Util. Comm'n of California*
    *(In re 360networks (USA) Inc.),*
    316 B.R. 797 (Bankr. S.D.N.Y. 2004) ..........................................................10

*Orson, Inc. v. Miramax Film Corp.,*
    867 F. Supp. 319 (E.D. Pa. 1994) ........................................................8, 9, 13

# TABLE OF AUTHORITIES

**Page**

*Ossen v. Dep't of Soc. Svcs.*
  *(In re Charter Oak Assocs.),*
  361 F.3d 760 (2d. Cir. 2004) ........................................................................................10

*P. Schoenfeld Asset Management, LLC v. Cendant Corp.,*
  161 F. Supp. 2d 355 (D. N.J. 2001) ................................................................................8

*Pepper v. Litton,*
  308 U.S. 295 (1939) .......................................................................................................12

*Piazza v. Major League Baseball,*
  836 F. Supp. 269 (E.D. Pa. 1993) ..................................................................................8

*Rottmund v. Cont'l Assur. Co.,*
  813 F. Supp. 1104 OE.D. Pa. 1992) ..............................................................................8

*Sporck v. Peil,*
  759 F.2d 312 (3d Cir. 1985) ...........................................................................................8

*Suter v. Munich Reinsurance Co.,*
  223 F.3d 150 (3d Cir. 2000) .....................................................................................11, 12

*United States v. Rhodey*
  *(In re R & W Enters.),*
  181 B.R. 624 (Bankr. N.D. Fla. 1994) ..........................................................................11

*Victor v. Edison Brothers Stores, Inc.*
  *(In re Edison Brothers Stores, Inc.),*
  No. CIV. A. 96-177-SLR, 1996 WL 363806 (D. Del. June 27, 1996) .............................7

*Younger v. Harris,*
  401 U.S. 37 (1971) .........................................................................................................6

*Zygmuntowicz v. Hospitality Invs., Inc.,*
  828 F. Supp. 346 (E.D. Pa. 1993) ..................................................................................9

## Statutes

11 U.S.C. § 502 .................................................................................................................13

11 U.S.C. § 502(d) ....................................................................................................5, 9, 10

11 U.S.C. § 510(c) .....................................................................................................passim

28 U.S.C. § 157(b)(2)(B) ...................................................................................................10

28 U.S.C. § 158(a) ..............................................................................................................7

DB02:5149654.1                                                              058421.1001

## TABLE OF AUTHORITIES

**Page**

28 U.S.C. § 1292(b) ...................................................................................................7, 8

28 U.S.C. § 1334 .........................................................................................................10


**Other Authorities**

4 Collier on Bankruptcy ¶ 502.030[1][a]
(Alan N. Resnick & Henry J. Sommer eds. 15th ed. Rev. 2005) ...........................13

Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b),
88 Harv. L. Rev. 607 (1975) .................................................................................8

McCarran-Ferguson Act ...................................................................................passim

Ohio Liquidation Act ...................................................................................5, 10

DB02:5149654.1                                                                    058421.1001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PRS INSURANCE GROUP, INC., *et al.*, | Case No. 00-4070 (MFW) |
| Debtors. | (Jointly Administered) |

| | |
|---|---|
| SEAN LOGAN, IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF PRS INSURANCE GROUP, INC., PRS CAPTIVE INVESTMENT FUND, PRS MANAGEMENT GROUP, INC., PRS SURETY BOND AGENCY, INC., PRS ENTERPRISES, INC., PRS ENTERPRISES INSURANCE SERVICES, INC., PRS BENEFITS SERVICES, INC., PRS MANAGEMENT SERVICES, INC., ENTERPRISE GROUP INSURANCE CO, LTD., PRS INSURANCE HOLDINGS (BARBADOS), LTD., PRS GUARANTY INSURANCE LIMITED, and BROOKWELL INSURANCE CO., LTD. | |
| Plaintiffs, | |
| v. | Adversary Proceeding No. 05-50819 |
| CREDIT GENERAL INSURANCE COMPANY And CREDIT GENERAL INDEMNITY COMPANY, | |
| Defendants. | **Ref. Docket No. 25** |

## MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE
## TO APPEAL ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Plaintiff Sean C. Logan, Chapter 11 Trustee (the "Trustee") of PRS Insurance

Group, Inc., together with its debtor subsidiaries[1] (collectively, the "PRS Group"), hereby files

---

[1]     The debtor subsidiaries are PRS Captive Investment Fund, PRS Management Group, Inc., PRS Surety Bond Agency, Inc., PRS Enterprises, Inc., PRS Enterprises Insurance Services, Inc., PRS Benefits Services, Inc., PRS Management Services, Inc., Enterprise Group Insurance Co., Ltd., PRS Insurance Holdings (Barbados), Ltd., PRS Guaranty Insurance Limited, and Brookwell Insurance Co., Ltd.

this memorandum in opposition to the motion for leave to appeal the Bankruptcy Court's order

denying the defendant's motion to dismiss [ Docket No. 25] (the "Motion for Leave to Appeal")

of Ann H. Womer Benjamin, Superintendent of Insurance, Ohio Department of Insurance (the

"Liquidator"), in her capacity as Liquidator of Credit General Insurance Company and Credit

General Indemnity Company (collectively, "CGIC"), and respectfully represents as follows:

## I.    *Introduction*

1.      The Liquidator's Motion for Leave to Appeal must be denied.  Leave to

appeal an interlocutory ruling may be granted "only where the appellant establishes that

exceptional circumstances justify a departure from the basic policy of postponing the review

until after the entry of final judgment." *Bowie Produce Co., Inc. v. Magic American Café, Inc.*

*(In re Magic Restaurants, Inc.)*, 202 B.R. 24, 26 (D. Del. 1996).  Exceptional circumstances

justifying an immediate appeal of an interlocutory ruling exist only "when the order at issue

(1) involves a controlling question of law upon which there is (2) substantial difference of

opinion, and (3) when immediate appeal from the order may materially advance the ultimate

termination of the litigation." *Id.*  Such exceptional circumstances do not exist in this case.

2.      The question of law at issue here is not "controlling" and there is not a

substantial ground for a difference of opinion on it.  Moreover, resolution of that issue will not

hasten the resolution of the litigation.  (To the contrary, it will prolong it.)

3.      The issue addressed by the Bankruptcy Court was whether the McCarran-

Ferguson Act prevents this Court from exercising jurisdiction over the chapter 11 Trustee's suit

which seeks equitable subordination of CGIC's claim against the PRS Group pursuant to

Bankruptcy Code § 510(c) [Memorandum Opinion, p. 2].  The Bankruptcy Court correctly held

that it has jurisdiction over CGIC's claim against the PRS Group and rejected the Liquidator's

argument that CGIC is different from other claimants because it is the subject of liquidation

2

proceedings pending before the Franklin County, Ohio Court of Common Pleas (the "Ohio Court").

      4.    The Liquidator portrays its appeal as a question of whether the Bankruptcy Court has jurisdiction over the adversary proceeding seeking equitable subordination. If that were the issue, then it would follow that any ruling by the Bankruptcy Court on the issue of equitable subordination would be a nullity. However, the Liquidator concedes, as it must, that the Bankruptcy Court <u>does</u> have jurisdiction over this equitable subordination claim. ("Once the Ohio Court has adjudicated the Trustee's claims, <u>the Bankruptcy Court can then look to that adjudication and then determine whether the Liquidator's claims should be equitably subordinated under Bankruptcy Code §510(c).</u>" (emphasis added) [Motion for Leave to Appeal, p.17.] Consequently, there is not really any question as to whether the Bankruptcy Court does or does not have jurisdiction over the status of CGIC's claims against the PRS Group. It does.

      5.    The Liquidator argues that there is potential for duplication of efforts by the litigants and the two courts. However, if this injury occurs, CGIC has inflicted it on itself. First, CGIC was under no obligation to file a claim against the PRS Group. It did so in order to pursue claims. Second, the duplication of effort would only arise if the Liquidator maintained that all of the litigation effort in the Bankruptcy Court must be discarded in the Ohio Court. While it is free to advance this position, it is not necessary for it to do so.

      6.    The Trustee has filed a reorganization plan in this case. Confirmation of the plan is stalled pending the resolution of this adversary proceeding. Consigning the litigation over equitable subordination to the Ohio Court places the future of this Chapter 11 case entirely in the hands of the Liquidator, who has not sought judicial determination of any claims filed by the Trustee during the last four years in which they have been pending.

      7.    The Liquidator's Motion for Leave to Appeal therefore should be denied.

3

## II.    *Background*

8.    In June 2000, the Ohio Department of Insurance ("ODI") placed CGIC under supervision. CGIC was one of the principal subsidiaries of PRS Insurance Group, Inc. ("PRS"), which served as a holding company for insurance-related businesses. Because PRS was not an Ohio insurance company, it was not under direct supervision of the ODI. Nevertheless, for fear of the potential consequences of non-cooperation, PRS agreed to submit to the supervision orders of the ODI.

9.    At first, the ODI attempted to sell CGIC. To enhance CGIC's marketability, the ODI engineered the transfer of approximately $20 million in assets from PRS to CGIC for little or no consideration. When no buyer was forthcoming, the ODI moved the liquidation of CGIC, which is currently under a Final Order of Liquidation in the Court of Common Pleas, Franklin County, Ohio (the "Ohio State Court"). Pursuant to that Order, PRS is prohibited from commencing a civil action against CGIC to recover the $20 million in transfers. PRS did, however, file a proof of claim in the Ohio liquidation proceeding. To date, there has been no final adjudication of that claim.

10.    On October 31, 2000, an involuntary chapter 7 petition was filed against PRS. On January 19, 2001, the case was converted to chapter 11, and on June 1, 2001, the Court appointed Sean C. Logan (the "Trustee") as the chapter 11 trustee.

11.    On April 30, 2002, CGIC filed a proof of claim in PRS's bankruptcy case for $45 million, largely based on inter-company receivables owed by PRS. The Trustee objected to CGIC's proof of claim on January 22, 2003.

12.    At the same time, the Trustee filed an adversary proceeding against CGIC for avoidance of fraudulent and preferential transfers, turnover, and breach of fiduciary duties (the "First Action"). On motion of CGIC, the Court dismissed the First Action on June 11, 2003,

4

concluding that the Trustee's claims for affirmative recovery were reverse preempted under the McCarran-Ferguson Act. *Logan v. Credit Gen. Ins. Co. (In re PRS Ins. Group, Inc.)*, 294 B.R. 609, 612-13 (Bankr. D. Del. 2003). The District Court affirmed that decision. *Logan v. Credit General Ins. Co.*, No. 04-319-SLR (D. Del. March 31, 2005). However, the Court stated that:

> I agree with the Trustee that nothing in the McCarran-Ferguson Act or in Ohio's Liquidation Act precludes the Trustee from asserting defenses in the bankruptcy proceeding pursuant to 11 U.S.C. §§ 502(d) and 510(c) to the claim filed by the liquidator. Indeed, if this were not the case, a liquidator would have carte blanche access to the assets of a bankrupt's estate. The problem I have with the Trustee's position is that the complaints he filed in the adversary proceedings are not simply defensive, but seek affirmative relief as well. Without a good faith indication (e.g., filing an amended complaint) that he seeks only to defend against CGIC's claim and not to seek affirmative monetary recovery against the liquidator, I cannot find error in the bankruptcy court's determination that the adversary proceedings "impair" the Ohio Liquidation Act and is reverse preempted by the McCarran-Ferguson Act.

*Logan v. Credit General Ins. Co.*, No. 04-319-SLR (D. Del. March 31, 2005), slip op. at 6.

13.    On April 11, 2005, the Trustee filed the instant adversary proceeding, asserting the same causes of action as the First Action.[2] This time, however, the Trustee is not seeking any "affirmative" recovery, but merely raises the action as a "defense" under section 510(c) to the allowance of CGIC's claim.

14.    On May 11, 2005,[3] the Liquidator filed her Motion to Dismiss and an accompanying memorandum of law [Docket Nos.5 and 6]. The Liquidator's Motion to Dismiss is essentially identical to the one that she filed in the First Action. The Liquidator again argued that the McCarran-Ferguson Act reverse preempts Bankruptcy Code § 510(c) and the

---

[2]    The Trustee has also filed a separate adversary proceeding seeking to establish the predicate for disallowance of CGIC's claim under section 502(d) of the Bankruptcy Code.

[3]    Pursuant to a stipulation between the Liquidator and the PRS Group, the motion to dismiss was deemed to have been filed in response to the Amended Complaint filed on May 19, 2005.

Bankruptcy Court's jurisdiction over the instant adversary proceedings. In the alternative, the Liquidator requested that the Bankruptcy Court abstain from hearing this adversary proceeding in favor of CGIC's liquidation proceedings pending before the Ohio Court under the doctrines of *Younger v. Harris*, 401 U.S. 37 (1971) or *Buford v. Sun Oil*, 319 U.S. 315 (1943) or issue an order staying this adversary proceeding until the Ohio Court resolves the proof of claim filed by the PRS Group against CGIC. The Trustee opposed the Motion to Dismiss.

### A.    *The Court's Rulings*

15.    On December 19, 2005, the Bankruptcy Court entered an Order and Memorandum Opinion denying the Liquidator's Motion to Dismiss. The Bankruptcy Court held that it had exclusive jurisdiction to determine whether CGIC's claim should be equitably subordinated under Bankruptcy Code § 510(c) and that prosecution of the Trustee's action would not interfere with CGIC's liquidation proceedings [Memorandum Opinion, p.3]. The Bankruptcy Court also held that it would not exercise its discretion to dismiss or stay this adversary proceeding on abstention grounds because "the Ohio State Court does not have jurisdiction to subordinate CGIC's claim in the Debtor's bankruptcy proceeding" [Memorandum Opinion, p. 4].

### III.    *The Liquidator's Motion for Leave to Appeal Should be Denied*

16.    The Liquidator's Motion for Leave to Appeal must be denied. Leave to appeal an interlocutory ruling may be granted only "when the order at issue (1) involves a controlling question of law upon which there is (2) substantial difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the litigation." *Bowie Produce Co., Inc. v. Magic American Café, Inc. (In re Magic Restaurants, Inc.)*, 202 B.R. 24, 26 (D. Del. 1996). Such exceptional circumstances do not exist in this case.

### A.    *Standard for Granting Appeals from Interlocutory Orders*

6

17.    Courts should entertain an appeal of an interlocutory ruling of the bankruptcy court pursuant to 28 U.S.C. § 158(a) "only where the appellant establishes that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *Bowie Produce Co., Inc.*, 202 B.R. at 26.

18.    Although 28 U.S.C. § 158(a) provides no guidance as to the standard used to grant leave, district courts often turn to 28 U.S.C. § 1292(b), the section describing the criteria for interlocutory appeal from a district court to the Court of Appeals, for guidance on how to judge an interlocutory appeal from a bankruptcy court. *Dal-Tile Intl, Inc. v. Color Tile, Inc.*, 203 B.R. 554, 557 (D. Del. 1996); *Victor v. Edison Brothers Stores, Inc. (In re Edison Brothers Stores, Inc.)*, No. CIV.A.96-177-SLR, 1996 WL 363806 (D. Del. June 27, 1996); *In re Delaware and Hudson Railway Company*, 96 B.R. 469, 472-73 (D. Del. 1989); *First American Bank of New York v. Century Glove, Inc.*, 64 B.R. 958, 961-62 (D. Del 1986); *First American Bank of New York v Southwest Gloves and Safety Equip., Inc.*, 64 B.R. 963, 966-67 (D. Del. 1986).

19.    This section provides for discretion to grant interlocutory appeals on a relatively limited basis:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

20.    Appeals of interlocutory rulings under 28 U.S.C. § 1292(b) are granted sparingly. Many years ago, the Third Circuit set a very high standard for granting interlocutory appeals under 28 U.S.C. § 1292(b), noting that "[i]t is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open

7

the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation."

*Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3d Cir. 1958); *see also Sporck v. Peil,* 759

F.2d 312, 315 n.4 (3d Cir. 1985). In fact, "[t]he notion that § 1292(b) applies only to

"exceptional" cases appears throughout its statutory history." Note, Interlocutory Appeals in the

Federal Courts Under 28 U.S.C. s 1292(b), 88 Harv. L. Rev. 607, 625 n.80 (1975); *see also*

*Coopers & Lybrand v. Livesay*, 437 U.S. 437, 475 n.25 (1978). Further, "a court should exercise

its discretion mindful of the strong policy against piecemeal appeals." *Orson, Inc. v. Miramax*

*Film Corp.*, 867 F. Supp. 319, 321 (E.D.Pa. 1994) (citing *Piazza v. Major League Baseball,* 836

F. Supp. 269, 271 (E.D.Pa. 1993)); *see also Rottmund v. Cont'l Assur. Co.*, 813 F. Supp. 1104,

1112 (E.D. Pa. 1992); *In re: A.S.K. Plastics, Inc.*, No. Civ.A.04-2701, 2004 WL 1903322

(E.D.Pa. Aug. 24, 2004) (citing *In re White Beauty View, Inc.,* 841 F.2d 524, 526 (3d Cir. 1988)).

"Certification is not mandatory even if the three criteria are met; rather, certification is wholly

discretionary." *P. Schoenfeld Asset Management, LLC v. Cendant Corp.*, 161 F. Supp. 2d 355,

358 (D. N.J. 2001) (citing *Bachowski v. Usery,* 545 F.2d 363, 368 (3d Cir.1976)).

      21.    In order for there to be a substantial difference of opinion warranting an

immediate appeal of an interlocutory ruling, there must be a direct, on-point conflict between

judicial decisions rather than a void of authority, *Bowie Produce Co, Inc. v. Magic American*

*Café, Inc. (In re Magic Restaurants, Inc.)*, 202 B.R. 24, 26 (D. Del. 1996) ("courts have

determined that a finding that a dearth of opinion exists *as well as* a judicial conflict on the issue

is required to conclude that substantial ground for difference of opinion exists."), or the

bankruptcy court's decision must be directly contrary to well-established law. *In re Marvel*

*Entertainment*, 209 B.R. 832 (D. Del. 1997).

      22.    Additionally, leave to appeal an interlocutory ruling may only be granted

if the appeal will lead to the ultimate termination of the litigation. "In determining whether

certification will materially advance the ultimate termination of the litigation, a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Orson, Inc.*, 867 F. Supp. at 322 (citing *Zygmuntowicz v. Hospitality Invs., Inc.,* 828 F. Supp. 346, 353 (E.D.Pa. 1993), further citing *In re Magic Marker Secs. Litigation,* 472 F. Supp. 436, 439 (E.D.Pa. 1979)). "Although the moving party is not required to demonstrate that an interlocutory appeal would certainly expedite the case, he should advance something more than mere conjecture that certification would substantially reduce time and expense." *Zygmuntowicz,* 828 F. Supp. at 353.

### B.     *The Liquidator's Motion for Leave to Appeal Should Not Be Granted*

23.     The Liquidator has failed altogether to show "extraordinary circumstances" that justify an interlocutory appeal that will grind adjudication of both this specific adversary proceeding <u>and</u> the entire bankruptcy proceeding to a halt.

24.     First, the Bankruptcy Court's rulings were correctly decided and are not the subject of a substantial difference of opinion. The Bankruptcy Court's rulings are in accord with this Court's ruling in the previous appeal in this case, where it unambiguously stated that "nothing in the McCarran-Ferguson Act or the Ohio Liquidation Act precludes the Trustee from asserting defenses in the bankruptcy proceeding pursuant to 11 U.S.C. § 502(d) and 510(c) to the claim filed by the liquidator." *Logan v. Credit General Ins. Co.*, No. 04-319-SLR (D. Del. March 31, 2005), slip op. at 6.

25.     The proposition that the Bankruptcy Court has subject matter jurisdiction over claims filed in a bankruptcy case is beyond dispute. "In core proceedings brought to determine the allowance or disallowance of a claim, there is but one forum:  the bankruptcy

court." *Dollar Saver Stores, Inc. v. Brown*, 49 B.R. 510 (Bankr. D. Nev. 1985). *See also* 28

U.S.C. §§ 157(b)(2)(B) and 1334.

          26.     Moreover, by filing a proof of claim in this case, CGIC submitted to the

Bankruptcy Court's jurisdiction, which includes the power to adjudicate CGIC's claim. *See*

*Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (stating that "by filing a claim against a bankruptcy

estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby

subjecting himself to the bankruptcy court's equitable power"); *Granfinanciera, S.A. v.*

*Nordberg*, 492 U.S. 33, 59 n.14 (1989) (stating that "by submitting a claim against the

bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those

claims . . ."); *Ossen v. Dep't of Soc. Svcs.* (*In re Charter Oak Assocs.*), 361 F.3d 760, 769-70 (2d.

Cir. 2004) (holding that the filing of a proof of claim by a governmental unit was a waiver of

sovereign immunity with respect to permissive, as well as compulsory, counterclaims so long as

they are capped by the amount of the claim); *Official Comm. of Unsecured Creditors of*

*360networks (USA) Inc. v. Pub. Util. Comm'n of California* (*In re 360networks (USA) Inc.*), 316

B.R. 797, 805 n.11 (Bankr. S.D.N.Y. 2004) (stating that "the application of § 502(d) to disallow

a claim of a California instrumentality would be entirely consistent with the spirit and rationale"

of cases holding that a state waives sovereign immunity by filing a proof of claim);

*Massachusetts Air Conditioning & Heating Corp. v. United States* (*In re Massachusetts Air*

*Conditioning & Heating Corp.*), No. 93-11850, 1994 Bankr. LEXIS 1560, at *6 (Bankr. D.

Mass. Sept. 23, 1994) (stating that "[a] creditor's failure to remit a preferential transfer is thus a

complete defense to that creditor's claim against the bankruptcy estate [under section 502(d)].

Certainly the United States must be deemed to have waived its immunity as to the issues raised

by its own claim.").

10

27.    In fact, many courts have held that the bankruptcy court has *exclusive*

jurisdiction to rule on the allowance of a claim. *See In re Mirant Corp.*, 316 B.R. 234, 250 n.10

(Bankr. N.D. Tex. 2004) (*quoting United States v. Rhodey (In re R & W Enters.)*, 181 B.R. 624,

643 (Bankr. N.D. Fla. 1994)); *In re United States Lines*, 199 B.R. 476, 480 (Bankr. S.D.N.Y.

1996); *In re Comstock Financial Svcs.*, 111 B.R. 849, 855 (Bankr. C.D. Cal. 1990); *In re PCH*

*Assoc.*, 122 B.R. 181, 196 (Bankr. S.D.N.Y. 1990); *D. M. Barber, Inc. v. Valverde (In re D. M.*

*Barber, Inc.)*, 13 B.R. 962, 965 (Bankr. N.D. Tex. 1981); *See also Canal Corp. v. Finnman (In*

*re Johnson)*, 960 F.2d 396, 404 (4th Cir. 1992).  Any question that the bankruptcy court is

without subject matter jurisdiction to make determinations of its claims has no merit.

28.    The issue really raised by the Liquidator is whether the Bankruptcy Court

must allow the Ohio Court to rule on the proofs of claim filed by the Trustee on behalf of the

PRS Group in the CGIC liquidation <u>before</u> the Bankruptcy Court can hear this adversary

proceeding and adjudicate CGIC's claim.  There might be some merit to this argument if the

Trustee were seeking to recover property from CGIC's estate, but it is not.  The Bankruptcy

Court, the District Court and other courts have uniformly recognized that when the Liquidator

files actions against third parties in other courts, those actions are not protected by the McCarran-

Ferguson Act.  *See Suter v. Munich Reins. Co.*, 223 F.3d 150, 161 (3d Cir. 2000) (holding that

the McCarran-Ferguson Act did not deprive the federal district court of jurisdiction over an

action brought by the liquidator of an insolvent insurance company against its reinsurer in state

court seeking to recover reinsurance proceeds that was removed to federal court); *Gross v.*

*Weingarten*, 217 F.3d 208, 222 (4th Cir. 2000) (holding that the McCarran-Ferguson Act did not

deprive the federal district court of jurisdiction over an action brought by the receiver of a life

insurance company against the directors and shareholders of the insurer's parent company in

which the directors and shareholders asserted counterclaims).

11

29.    Second, the Liquidator does not identify any case, indeed the Trustee is aware of none, that has held the McCarran-Ferguson Act preempts a bankruptcy court from allowing, disallowing or subordinating claims in the bankruptcy case. Indeed, in an analogous situation, the Third Circuit has held that a federal court has jurisdiction to compel a receiver to participate in an arbitration proceeding in the face of a McCarran-Ferguson Act objection. *See Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 160-62 (3d Cir. 2000); *Gross v. Weingarten*, 217 F.3d 208, 222 (4th Cir. 2000); *Koken v. Cologne Re (Barbados)*, 34 F. Supp.2d 240, 256 (M.D. Pa. 1999).

30.    Third, an immediate appeal of the Bankruptcy Court's interlocutory rulings will not advance the ultimate termination of the litigation. Even if this Court agreed with the Liquidator and allowed the Ohio Court to make the factual determinations underpinning the Trustee's equitable subordination defense, the ultimate question of whether CGIC's claim should equitably subordinated under Bankruptcy Code § 510(c) would inevitably have to be adjudicated before the Bankruptcy Court. *See e.g., Pepper v. Litton*, 308 U.S. 295, 306 (1939) (holding that the doctrine of *res judicata* did not prevent the court from disallowing or subordinating a claim because "a bankruptcy court has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence. And the mere fact that a claim has been reduced to judgment does not prevent such an inquiry") (internal citation omitted); *In re D. M. Barber, Inc.*, 13 B.R. 962, 965 (Bankr. N.D. Tex. 1981) (holding that the bankruptcy court "retains the exclusive jurisdiction to determine the extent to which any such proof of claim should be allowed and priority treatment accorded it under the distribution hierarchy set forth in the Bankruptcy Code."); 4 *Collier on Bankruptcy* ¶ 502.030[1][a] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2005) (stating that "[r]egardless of the method chosen for liquidation of a claim, the bankruptcy court always retains the jurisdiction and sole

12

right to determine the 'allowability' of the claim under the applicable standards set forth in section 502."). Therefore, waiting for the Ohio state court to weigh in before making that determination does not speed things up, it slows them down. This prong of the analysis is clearly not met. *See Orson, Inc.*, 867 F. Supp. at 322.

       31.    The Trustee has filed a reorganization plan in this case. Confirmation of the plan is stalled pending the resolution of this adversary proceeding. This bankruptcy case will continue until CGIC's claim is adjudicated by the Bankruptcy Court.

       32.    In brief, the Liquidator has failed to conclusively demonstrate that *any* of the three prongs of the test for granting an immediate appeal of an interlocutory order have been met. In addition, there are no extraordinary circumstances here, only one party trying to extract a federal process from a federal court and place it in the hands of a more friendly state court. Leave to appeal is not justified in this case.

                                     

*IV.    **Conclusion***

        For all of the foregoing reasons, PRS Group respectfully requests that the Court

deny the Liquidator's Motion for Leave to Appeal.

Dated: Wilmington, Delaware
      January 13, 2006

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                Maureen D. Luke (No. 3062)
                Edward J. Kosmowski (No. 3849)
                The Brandywine Building, 17th Floor
                1000 West Street, PO Box 391
                Wilmington, Delaware 19899-0391
                Telephone:  (302) 571-6600

                      and

                BINGHAM McCUTCHEN LLP
                Harold S. Horwich
                Stephen M. Hryniewicz
                One State Street
                Hartford, Connecticut 06103
                Telephone:  (860) 240-2700
                Facsimile:  (860) 240-2800

                Co-counsel for the Chapter 11 Trustee
                and Debtor Subsidiaries

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2006, I caused a true and correct copy of the attached

pleading to be served via hand delivery, on the following parties:


Margaret Harrison, Esquire
Office of the United States Trustee
844 King Street, Suite 2313
Lock Box 35
Wilmington, DE 19801

Steven K. Kortanek, Esquire
Klehr Harrison Harvey Branzburg & Ellers
919 Market Street, Suite 1000
Wilmington, DE 19801

Counsel for CGIC


Maureen D. Luke (No. 3062)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
bankruptcy@ycst.com

Attorneys for Chapter 11 Trustee and Subsidiary Debtors