IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| PRS INSURANCE GROUP, INC., et al. | : | |
| | : | Case No. 00-4070 (MFW) |
| Debtors. | : | |
| | : | (Jointly Administered) |
| | : | |
| SEAN C. LOGAN, in his capacity as Chapter 11 | : | |
| Trustee of PRS INSURANCE GROUP, INC., et al. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | Adv. Pro. No. 05-50819 |
| CREDIT GENERAL INSURANCE COMPANY | : | |
| and | : | |
| CREDIT GENERAL INDEMNITY COMPANY, | : | |
| | : | |
| Defendants. | : | |

---

### REPLY TO MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO APPEAL ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Ann H. Womer Benjamin, Superintendent of the Ohio Department of Insurance, in her capacity as Liquidator (the "Liquidator") of Defendants Credit General Insurance Company and Credit General Indemnity Company, (hereinafter collectively " CGIC"), by and through counsel, hereby respectfully files this reply to the memorandum of Plaintiff, Sean C. Logan, Chapter 11 Trustee (the "Trustee") for PRS Insurance Group, Inc. ("PIGI") and various PIGI subsidiaries (collectively the "PRS Group") in opposition to the Liquidator's Motion for Leave to Appeal Order Denying Defendants' Motion to Dismiss (the "Motion"), and respectfully states as follows:

### PRELIMINARY STATEMENT

1.      As the Trustee acknowledges, neither 28 U.S.C. § 158(a) nor Bankruptcy Rule 8003 sets forth the standard a district court should use in determining whether to grant leave to

appeal interlocutory bankruptcy orders. (See ¶ 18 of the Trustee's Memorandum in Opposition, hereinafter "Mem. in Opposition.") The Third Circuit, however, has recognized a three-part standard for such situations: (i) a controlling issue of law must be involved, (ii) the question must be one where there is substantial ground for difference of opinion, and (iii) an immediate appeal must materially advance the ultimate termination of the litigation. *See In re Bertoli*, 812 F.2d 136, 139 (3d Cir.1987).

2.    In opposing the Liquidator's motion for leave to appeal, the Trustee argues that "the Liquidator has failed to conclusively demonstrate that *any* of the three prongs of the test for granting an immediate appeal of an interlocutory order have been met." (Mem. in Opposition, ¶ 32.) According to the Trustee, "[t]he question of law at issue here is not 'controlling' and there is not a substantial ground for a difference of opinion on it. Moreover, resolution of that issue will not hasten the resolution of the litigation." (Mem. in Opposition, ¶ 2.) Contrary to the Trustee's assertion, the instant situation meets each prong of the standard for leave to appeal interlocutory orders. Moreover, the issues of whether the Bankruptcy Court has subject matter jurisdiction over the adversary proceeding or should abstain from exercising any such jurisdiction is too important to be denied an immediate appeal.

## ARGUMENT

### I.    The Appeal Involves a Controlling Question of Law

3.    Other than simply declaring that "[t]he question of law at issue here is not 'controlling,'" (Mem. in Opposition, ¶ 2), the Trustee does not address how or why the legal question presented by this appeal is not "controlling." The question of law at issue here is not, as the Trustee suggests, whether the McCarran-Ferguson Act, 15 U.S.C. § 1101, *et seq.*, provides a blanket preemption of §510(c) of the Bankruptcy Code. Rather, the question of law at issue

2

here is first whether the Bankruptcy Court's exercise of jurisdiction over the instant adversary proceeding is reverse pre-empted under the McCarran-Ferguson Act, and if not, then whether abstention is called for under the *Burford*[1] and *Younger*[2] abstention doctrines.

4.     Stated another way, the question of law here is whether allowing the adversary proceeding to go forward--for the purpose of establishing whether CGIC engaged in inequitable conduct in connection with the disputed transfers --would invalidate, impair, or supersede Ohio's Liquidation Act as applied to CGIC such that the McCarran-Ferguson Act reverse pre-empts the Bankruptcy Court's jurisdiction over the adversary proceeding, and if not, whether the Bankruptcy Court should abstain from exercising jurisdiction in the adversary proceeding because the proceeding will substantially interfere with the liquidation of CGIC, as the same conduct and transactions at issue in the adversary proceeding are also at issue in, and will be decided by, the Ohio Liquidation Court in the adjudication of the Trustee's claims against CGIC.

5.     There can be no question that the issue of whether the Bankruptcy Court has subject matter jurisdiction over the adversary proceeding or should abstain from exercising any such jurisdiction is a controlling question of law.  *See*, *P. Schoenfeld Asset Mgmt. LLC v. Cedant Corp.*, 161 F.Supp.2d 355, 358 (D.N.J. 2001) ("Controlling" means "serious to the conduct of the litigation, either practically or legally."); *Katz v. Carte Blanche Corp*., 496 F.2d 747, 755 (3d Cir. 1974) (*en banc*) (a controlling question of law encompasses a ruling which, if erroneous, would be reversible error on final appeal); *In re Marvel Entertainment Group*, 209 B.R. 832, 837 (D. Del. 1997) (same).

---

[1] *Burford v. Sun Oil*, 319 U.S. 315 (1943).
[2] *Younger v. Harris*, 401 U.S. 37 (1971).

**II.    There are Substantial Grounds for Difference of Opinion as to the Conclusions of Law and the Relief Ordered Thereon**

6.      The Trustee argues that "the Bankruptcy Court's rulings were correctly decided and are not the subject of a substantial difference of opinion." (Mem. in Opposition, ¶ 24.)  In an effort to support this assertion, the Trustee cites to various cases as authority for the propositions that a bankruptcy court has exclusive jurisdiction to rule on the allowance of claims and that by submitting a claim against a bankruptcy estate, creditors subject themselves to the bankruptcy court's jurisdiction.  (Mem. in Opposition, ¶¶ 25-27.)  These propositions and the cited cases, however, are inapposite.  They do not address the unique situation presented here.

7.      Unlike the parties in those cases, CGIC is the subject of a statutory liquidation proceeding under state insurance law, which implicates reverse preemption issues under the McCarran-Ferguson Act and abstention issues under the *Burford* and *Younger* abstention doctrines.  Moreover, unlike the debtors in the cases cited by the Trustee, the PRS Group has filed a proof of claim in the CGIC liquidation which entails the very same claims concerning CGIC's pre-bankruptcy conduct and the asset transfers that the Trustee asserts in the adversary proceeding.  Thus, unlike in the cases cited by the Trustee, the claims sought to be adjudicated in the adversary proceeding are being addressed in another forum, here the Ohio Liquidation Court.  This is not a situation where the Trustee's claims (or defenses) will be lost if the adversary proceeding is not allowed to go forward.

8.      If the Trustee were to withdraw his claims in the CGIC liquidation and only assert his claims concerning CGIC's alleged conduct defensively in the PRS bankruptcy, the situation might be different.  But the fact is, the Trustee is affirmatively asserting in the liquidation proceeding the very same claims he purports to assert defensively in the instant adversary proceeding:  that CGIC engaged in inequitable conduct with regard to the transfers or

4

transactions between members of the PRS Group and CGIC.    Any determination by the Bankruptcy Court of those claims in the context of adjudicating the Trustee's § 510(c) defenses could have a preclusive effect with regard to the Trustee's claims in the CGIC liquidation proceeding.    Such an outcome would be an impermissible interference with the Liquidation Act and the Ohio Liquidation Court's exclusive jurisdiction.    Consequently, under the McCarran-Ferguson Act, subject matter jurisdiction over the adversary proceeding is lacking.

9.    The Trustee relies on the Third Circuit Court of Appeals' decision in *Suter v. Munich Reins. Co.*, 223 F.3d 150 (3d Cir. 2000) to support his argument that when a "liquidator files actions against third parties in other courts, those actions are not protected by the McCarran-Ferguson Act."    (Mem. in Opposition, ¶ 28.)    The Trustee's reliance on *Suter*, however, is misplaced.

10.    In *Suter*, the liquidator of Integrity Insurance Company *commenced* an *adversary proceeding* in the liquidation court against Munich Reinsurance Company for breach of reinsurance treaties.    *See id.* at 152.    Munich removed the action to the U.S. District for the District of New Jersey because the treaties contained arbitration clauses which were governed by the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards. *See id.*    Munich sought to compel arbitration pursuant to the Convention.    *See id.*    The liquidator sought remand based, in part, on the ground that the pursuant to the McCarran-Ferguson Act, New Jersey's liquidation act reverse preempted the Convention and the Federal Arbitration Act. *See id.*

11.    Although the Circuit Court's decision was based upon the application of the Convention and the Federal Arbitration Act, the Circuit Court nonetheless addressed the liquidator's McCarran-Ferguson argument that the Convention, enacted as a federal statute, and

the Arbitration Act were reverse preempted by New Jersey's liquidation act.  *See id.* at 160.  The

Circuit Court concluded that those particular statues were not reverse preempted by the state

liquidation act because they were not claims asserted against the assets of the insurer's estate.  In

fact, the suit, if meritorious, would *benefit the insurer's estate*, and thus there would no conflict

between arbitration of the action and the insurer's liquidation proceeding.  *See id.* at 161.

12.    This adversary proceeding differs from *Suter* in several important respects.  First,

in *Suter*, the liquidator initiated the action, unlike this adversary proceeding which was

commenced by the Trustee.  Second, the Circuit Court specifically relied on the fact that the suit

did not involve any claims asserted against the insurer in liquidation, and thus there was no

possibility of an adverse effect on the state liquidation proceeding.  Third, the only effect of the

Circuit Court's ruling, which was based on considerations of international comity not implicated

in this action, was that the insurer was required to submit to arbitration; the court did not permit

federal causes of action to be asserted against the insurer.  Finally, unlike this action, there is no

indication that the reinsurer in *Suter* had filed a proof of claim in the insurer's liquidation that

asserted affirmatively claims raised by the reinsurer in the federal action.

13.    A case not cited by the Trustee, *Wagner v. Amwest Ins. Group, Inc. (In Re

Amwest Ins. Group, Inc.)*, 285 B.R. 447 (Bankr. C.D. Cal. 2002), is most instructive on the point

of whether the Liquidator's filing of a proof of claim in the PRS bankruptcy is determinative of

the jurisdiction issue.  In *Amwest*, the liquidator of an insurance company filed a "substantial

proof of claim" in the bankruptcy case for the insurance company's parent.  *See id.* at 451.

Despite the fact that the liquidator had filed a proof of claim, the bankruptcy court considered

whether its exercise of jurisdiction over claims later asserted by the liquidator in an adversary

proceeding in the parent's bankruptcy was reverse preempted under the McCarran-Ferguson Act

6

by the insurer's state liquidation proceeding. The court in *Amwest* concluded that its exercise of jurisdiction over the claims was reverse preempted under the McCarran-Ferguson Act. *See id.* at 455. The court's decision was based on a recognition that its ruling could conflict with the liquidation court's ruling regarding related agreements, which would substantially impair the orderly liquidation of the insurer. *See id.*

14. The issues addressed in *Amwest* are very near those at issue here, except that the liquidator in *Amwest* not only filed a proof of claim in the bankruptcy court, but also initiated the adversary proceeding which prompted review of the bankruptcy court's jurisdiction. What the holding of *Amwest* demonstrates is that the Liquidator's filing of a proof of claim does not waive application of the McCarran-Ferguson Act.

15. Not only is the Trustee wrong on the issue of application of the McCarran-Ferguson Act here, the Trustee also fails to address the issue of abstention. Abstention gives federal courts the flexibility to avoid exercising jurisdiction when doing so would be "disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Public Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989). See also *Johnson v. Collins Entertainment Co.*, 199 F.3d 710, 718-19, 725 (4th Cir. 1999).

16. Although "abstention from the exercise of federal jurisdiction is the exception, not the rule," *Colorado River Water Conservation Dist. v. United States*, 442 U.S. 800, 813 (1976), insurance regulation has long been recognized as an area of traditional state concern, so "there are a large number of cases where federal courts have abstained lest they upset ongoing state insolvency proceedings." *Hartford Cas. Ins. Co. v. Borg-Warner Corp.*, 913 F.2d 419, 426 (7th Cir. 1990). See also *Lac D'Maniante du Quebec, Ltd. v. American Home Assurance Co.*, 864 F.2d 1033, 1048 (3d Cir. 1988) (collecting such cases). Thus, when an exercise of federal

7

subject matter jurisdiction threatens to disrupt state efforts to establish a coherent scheme with respect to the liquidation and administration of an insolvent insurance company, abstention is warranted.

17.    Consequently, if the Bankruptcy Court's subject matter jurisdiction over the adversary proceeding is not otherwise reverse preempted under the McCarran-Ferguson Act, the Bankruptcy court should abstain from exercising its jurisdiction because allowing the adversary proceeding to go forward would be disruptive of Ohio's ongoing liquidation proceeding for CGIC.

### III.    An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation

18.    The Trustee argues that "an immediate appeal of the Bankruptcy Court's interlocutory rulings will not advance the ultimate termination of the litigation."  (Mem. in Opposition, ¶ 30.)  An immediate appeal, however, would materially advance the ultimate termination of the adversary proceeding because, if the Liquidator is successful on her appeal of the Orders, the adversary proceeding would necessarily be dismissed for lack of subject matter jurisdiction or on abstention grounds.

19.    Further, an immediate appeal will provide for a definitive resolution of the jurisdiction/abstention issue before litigation of the adversary proceeding is allowed to interfere with and disrupt Ohio's CGIC liquidation proceeding.  Waiting for an appeal after the adversary proceeding was allowed to interfere with and disrupt the CGIC liquidation proceeding would be too late and wasteful.

[This space intentionally left blank]

## CONCLUSION

For the foregoing reasons and those set forth in her original motion papers, the Liquidator respectfully requests that the Motion be GRANTED and leave given for an interlocutory appeal from the Bankruptcy Court's Order.

Respectfully submitted,

KLEHR, HARRISON, HARVEY,
   BRANZBURG & ELLERS, LLP


By:____/s/ Jennifer L. Scoliard_____
Steven K. Kortanek (#3106)
Jennifer L. Scoliard (#4147)
919 Market Street, Suite 1000
Wilmington, Delaware 19801-3062
(302) 426-1189

and

DINSMORE & SHOHL LLP
Stephen G. Schweller
Susan M. Luken
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
(513) 977-8200

Co-Counsel for Ann H. Womer Benjamin, Superintendent of Insurance, Ohio Department of Insurance, in her capacity as Liquidator of Credit General Insurance Company and Credit General Indemnity Company

PHIL1 658209-1